UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$129,006 IN U.S. CURRENCY, AND ANY ACCRUED INTEREST, *et al.*,<br><br>Defendants.<br><br>and<br><br>STEVIE TYRONE ALLEN,<br><br>Claimant. | NO. CV21-1318-RSM<br><br>**PROTECTIVE ORDER** |

THIS MATTER comes before the Court as a Stipulated Motion for Entry of a Protective Order. The Court, having considered the motion and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. **Protected Material.** For purposes of this Order, "Protected Material" shall include (1) grand jury testimony; (2) witness statements; (3) tax information; (4) financial information; (5) subscriber information (including phone and utility subscriber information for uncharged individuals); (6) Title III materials relating to interception of

communications, including pleadings, intercepted communications, and linesheets;[1] (7) other personal identifying information ("PII")[2] obtained during the investigation, including but not limited to personal information about Third-Party Claimant Stevie Allen, defendants and third parties (such as photographs, including sexually suggestive photographs, and photographs, identifying information, and contact information for family members, other defendants, and/or witnesses); and (8) other sensitive information obtained from the search of social media, cellular telephones, and other digital devices seized during the investigation. All financial records (including phone, utility, and financial information for third parties), federal tax records, cellular telephone downloads, grand jury transcripts, summaries of financial records, and Title III materials provided during discovery will be considered Protected Material without further designation by the government.

    2.    Other information believed by the government to be Protected Material will be so designated by the government. Said material may include, but is not limited to, information related to witnesses and third parties, criminal history reports, and related impeachment materials.

    3.    **Production of Protected Material.** The United States will produce discovery, including Protected Material, to counsel for Third-Party Claimant Stevie Allen. Possession of copies of the Protected Materials is limited to the attorneys of record, and investigators, paralegals, law clerks, experts and assistants for the attorneys of

---

[1] The Parties understand that the wiretap materials have been produced per the Court's sealing orders and, as such, remain under seal and should be treated accordingly. Additionally, these materials contain sensitive information that include communications with uncharged individuals, and they would therefore also be appropriately designated as "Protected Material" pursuant to the proposed order.

[2] "PII" includes, but is not necessarily limited to, the information identified in Fed. R. Crim. P. 49.1(a) and includes full names, dates of birth, Social Security numbers (or other identification information), financial account information (including account numbers), tax information, driver's license numbers, addresses, telephone numbers, locations of residences or employment, medical records, school records, juvenile criminal records, and other confidential information. The government has endeavored to redact PII as appropriate, but the parties acknowledge and agree that this will not always be possible, and that in some instances un-redacted PII may be necessary to either party, or both.

record (hereinafter collectively referred to as "members of the legal teams). The attorneys of record are required, prior to disseminating any copies of the Protected Materials to their staff or any other members of the legal teams to provide a copy of this Protective Order to every staff member and member of the legal team, and obtain written acknowledgment by said staff and members of the legal team of their understanding that they are bound by the terms and conditions of this Protective Order. The written consent need not be disclosed or produced to the United States unless reasonably requested by the Assistant United States Attorney or ordered by the Court.

4. **Review of Protected Material.** Counsel for Third-Party Claimant Stevie Allen may share and review the Protected Material with him at counsel's office. Third-Party Claimant Stevie Allen will be prohibited from printing out, copying, or disseminating the discovery. He is also prohibited from taking notes of any kind about the Protected Material.

5. **Limits on Dissemination of Protected Materials**. Members of the legal team are prohibited from duplicating or providing copies of the Protected Material to other persons, including to Third-Party Claimant Stevie Allen, unless the personal or financial information contained therein belongs specifically and solely to the individual receiving the material (e.g., an individual may be provided with the download of his own cellular phone).[3] This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, witnesses, and the Court and defense counsel as necessary to comply with the government's discovery obligations and to investigate and pursue the case.

---

[3] This provision does not apply to the wiretap materials, described above, which remain under seal.

Protective Order - 3
*United States v. $129,006 In U.S. Currency,*
 *and Any Accrued Interest, et al.,* CV21-1318-RSM

6. **Future Production of Additional Protected Materials.** Additional types of discovery items may be deemed by the parties to constitute Protected Material upon agreement or (if no agreement can be reached) by further order of the Court.

7. **No Waiver.** Nothing in this order should be construed as imposing any substantive discovery obligations on the government that are different from those imposed by case law and Rule 16 of the Federal Rules of Civil Procedure. The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

8. **Use of Protected Material in Court.** Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, or other matter before this Court shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects with the relevant local and federal rules of civil procedure pertaining to the sealing of court documents.

9. **Non-Termination.** The provisions of this Order shall not terminate at the conclusion of this litigation. Furthermore, at the close of this case, counsel shall return the Protected Material, including all copies of the Protected Material, to the office of the United States Attorney, or otherwise certify that the material has been destroyed.

10. **Violation of Order.** Any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.

11. **Modification of Order.** Nothing in this Stipulation shall prevent any party from seeking modification of this Protective Order or from objecting to the improper designation of discovery as Protected Material. In either event, counsel shall first confer to attempt to resolve the issue. If the parties are unable to resolve the dispute, counsel may raise the issue with the Court by way of a motion.

Protective Order - 4
*United States v. $129,006 In U.S. Currency,*
*and Any Accrued Interest, et al.,* CV21-1318-RSM

12. **Agreement to Provide Copies of Protected Material to Third-Party Claimant Stevie Allen.** Upon agreement of counsel for the government, counsel for Third-Party Claimant Stevie Allen may provide copies of specific Protected Material, or redacted versions of such material, to him. When seeking the government's agreement to provide such copies, members of the legal team will identify with reasonable particularity, including (where available) the specific Bates-numbered pages and or recording descriptions, the specific material counsel proposes to give to Third-Party Claimant Stevie Allen. Unless expressly stated otherwise by the government judge, copies of Protected Material to be provided to Third-Party Claimant Stevie Allen will continue to be Protected Material subject to all of the protections of the Court's Order, with the sole exception that a copy can be given only to Third-Party Claimant Stevie Allen (and not shared with anyone else outside the legal team). If the Parties cannot reach agreement on whether particular portions of the Protected Material or redacted versions of Protected Material should be given to Third-Party Claimant Stevie Allen under these conditions, counsel may raise the issue with the Court by way of a motion.

13. **No Ruling on Discoverability or Admissibility.** This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

14. **No Ruling on Timing of Production.** This Protective Order does not require the government to provide particular discovery at a time or in a fashion inconsistent with applicable law.

DATED this 3rd day of November, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

Protective Order - 5
*United States v. $129,006 In U.S. Currency,*
*and Any Accrued Interest, et al.,* CV21-1318-RSM