1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$129,006 IN U.S. CURRENCY, AND ANY ACCRUED INTEREST, *et al.*,<br><br>Defendants.<br><br>and<br><br>STEVIE TYRONE ALLEN,<br><br>Claimant. | NO. CV21-1318-RSM<br><br>**AMENDED SETTLEMENT AGREEMENT AND FINAL ORDER OF FORFEITURE** |

WHEREAS Plaintiff United States of America, by and through Charles Neil Floyd, United States Attorney for the Western District of Washington, and Krista K. Bush, Assistant United States Attorney, and Claimant Stevie Tyrone Allen, by and through his counsel, John Henry Browne (the "Parties"), wish to resolve this matter without additional utilization of judicial resources and without incurring further litigation expenses,

//

IT IS HEREBY STIPULATED as follows:

Amended Settlement Agreement - 1
*United States v. $129,006 in U.S. Currency,*
*and Any Accrued Interest, et al.,* CV21-1318-RSM

This civil *in rem* forfeiture proceeding was brought by the United States against $129,006 in U.S. Currency and any accrued interest, $4,980 in U.S. Currency, and any accrued interest, and one Rolex model 16233 watch, serial number K878799, seized on or about April 7, 2021 by the Federal Bureau of Investigation ("FBI") from a residence and vehicle associated with Claimant Stevie Tyrone Allen (the "Defendant Property"). Dkt. No. 1.

In its Verified Complaint for Forfeiture *in Rem*, the United States alleged that the Defendant Property is proceeds from the sale of controlled substances and/or attempt or conspiracy to distribute controlled substances. *Id.* As such, the Complaint alleges the Defendant Property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841 and 846. *Id.*

The United States provided proper notice of this action to all known potential claimants. Dkt. No. 2. On November 1, 2021, Claimant Allen timely filed a claim of ownership to the Defendant Property through his undersigned counsel. Dkt. No. 6. No other claimants have come forward to assert an interest in the Defendant Property and the time for doing so has expired.

On January 18, 2022, the United States filed a Notice of Related Case, providing notice that this civil forfeiture action is related an ongoing investigation, including active criminal cases against alleged members of the underlying drug trafficking organization, filed in the U.S. District Court for the Western District of Washington: *U.S. v. Eugene McGee, et al.*, CR21-058-RSM and *U.S. v. Marco Calvert-Majors, et al.*, CR21-053-RSM. Dkt. No. 10.

On November 5, 2021, the Court granted the Parties' Joint Motion to Stay Civil Case until the conclusion of the related criminal investigation involving Claimant Allen, pursuant to 18 U.S.C. §§ 981(g)(1) and (g)(2). Dkt. Nos. 7, 8. At the request of the parties, the Court lifted the stay on August 22, 2025 (Dkt. Nos. 18, 19).

Amended Settlement Agreement - 2
*United States v. $129,006 in U.S. Currency,*
*and Any Accrued Interest, et al.,* CV21-1318-RSM

All persons and entities believed to have an interest in the Defendant Property were given proper notice of the intended forfeiture when this civil forfeiture action was filed and no other claimants came forward to assert an interest in the Defendant Property. *See* Dkt. No. 2.

The Settlement Agreement the Court approved in this matter on December 2, 2025, contained an inadvertent scrivener's error. Dkt. No. 24. The parties submit this Amended Settlement Agreement to correct the amount to be returned to Claimant Stevie Allen from $58,007 (as reflected in the Settlement Agreement) to $61,986.

NOW THEREFORE, this AMENDED SETTLEMENT AGREEMENT is entered into among the Parties pursuant to the following terms:

1.     The Parties acknowledge that this Amended Settlement Agreement is made as a compromise of a disputed claim without adjudication of any issue of fact or law. The parties further acknowledge and agree that this settlement shall not be deemed to constitute an admission by Claimant Allen of fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Verified Complaint for Forfeiture and shall not be construed to create rights in, or grant any cause of action to, any third party not covered by this Amended Settlement Agreement.

2.     The United States agrees to dismiss from this action and return to Claimant Allen the Rolex watch and $61,986 of the United States currency seized on or about April 7, 2021, with any accrued interest on the currency, as identified in paragraph 1 of the Verified Complaint for Forfeiture *in Rem* (Dkt. No. 1).

3.     Claimant Allen agrees to withdraw his claim to, and consents to the forfeiture of, the remaining $72,000 in United States currency seized on or about April 7, 2021, with any accrued interest on that currency, as identified in paragraph 1 of the Verified Complaint for Forfeiture *in Rem* (Dkt. No. 1).

//

//

Amended Settlement Agreement - 3
*United States v. $129,006 in U.S. Currency,*
*and Any Accrued Interest, et al.,* CV21-1318-RSM

4.      Claimant Allen recognizes that the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3716, which is administered by the Treasury Offset Program ("TOP"), requires the United States Treasury to offset federal payments to collect certain delinquent debts owed to the United States by a payee. Claimant Allen recognizes, therefore, that the $61,986 in U.S. currency identified in paragraph 2 for return to him may be reduced by the amount of any delinquent debt TOP is required to collect.

5.      Claimant Allen's withdrawal of his claims to, and his consent to forfeiture of, the property set forth in paragraph 3 shall be in full and complete settlement and satisfaction of all civil forfeiture issues relating to the Defendant Property.

6.      Claimant Allen agrees to release and hold harmless the United States, its agents, servants, and employees (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims he, or his representatives or agents, may possess, or that may arise, as a result of the seizure of the above-identified property and the subsequent forfeiture proceedings, including any claims for interest or attorney's fees.

7.      The Parties agree this Amended Settlement Agreement is subject to review and approval by the Court, as provided in the proposed Order submitted below.

//

//

//

//

//

Amended Settlement Agreement - 4
*United States v. $129,006 in U.S. Currency,*
*and Any Accrued Interest, et al.,* CV21-1318-RSM

9.     Upon entry of this Amended Settlement Agreement and Final Order of Forfeiture, this action shall be DISMISSED WITH PREJUDICE, closed, and the property identified in paragraph 2 shall be returned to Claimant Allen as soon as practicable after entry of the Order.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney

DATED: December 5, 2025

*s/Krista K. Bush*
KRISTA K. BUSH
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101
Telephone: (206) 553-2242
Fax: (206) 553-6934
Krista.Bush@usdoj.gov

DATED: December 3, 2025

*s/John Henry Browne*
JOHN HENRY BROWNE
Law Offices of John Henry Browne PLLC
Attorney for Claimant Allen
1400 Smith Tower
506 Second Avenue
Seattle, WA 98104
Telephone: (206) 388-0777
johnhenry@jhblawyer.com

DATED:  December 4, 2025

*s/Stevie Tyrone Allen*
STEVIE TYRONE ALLEN
Claimant

Amended Settlement Agreement - 5
*United States v. $129,006 in U.S. Currency,*
*and Any Accrued Interest, et al.,* CV21-1318-RSM

1

## ORDER

2

3        The foregoing Amended Settlement Agreement is hereby approved under the

4    terms and conditions set forth above.

5        1.        The following property shall be returned to Claimant Allen as soon as

6    practicable after entry of this Order:  one Rolex model 16233 watch, serial number

7    K878799, and $61,986 of the United States currency seized on or about April 7, 2021,

8    with any accrued interest on that currency, as identified in paragraph 1 of the Verified

9    Complaint for Forfeiture *in Rem* (Dkt. No. 1).

10       2.        The following property is FORFEITED to the United States:  $72,000 of

11   the United States currency seized on or about April 7, 2021, with any accrued interest on

12   that currency, as identified in paragraph 1 of the Verified Complaint for Forfeiture *in*

13   *Rem* (Dkt. No. 1).

14

15       Pursuant to this agreement, the Court hereby DISMISSES this action.

16       IT IS SO ORDERED.

17

18       DATED this 5th day of  December, 2025.

19

20

21

22       RICARDO S. MARTINEZ
         UNITED STATES DISTRICT JUDGE

23

24

25

26

27

Amended Settlement Agreement - 6
*United States v. $129,006 in U.S. Currency,*
*and Any Accrued Interest, et al.,* CV21-1318-RSM